1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAVI HARRYRAM,

               Plaintiff,

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 11-1834-OP

MEMORANDUM OPINION AND
ORDER

17

18

     The Court[1] now rules as follows with respect to the disputed issue listed in
the Joint Stipulation ("JS").[2]

19   / / /

20   / / /

21   / / /

22

23

24

25

26

27

28

   [1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

   [2] As the Court stated in its Case Management Order, the decision in this
case is made on the basis of the pleadings, the Administrative Record, and the
Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal
Rules of Civil Procedure, the Court has determined which party is entitled to
judgment under the standards set forth in 42 U.S.C. § 405(g).  (ECF No. 6 at 3.)

## I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") assessment is supported by substantial evidence.  (JS at 3.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Perales, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /
/ / /

**III.**

**DISCUSSION**

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the impairments of a depressive disorder, anxiety disorder, asthma, and migraine headaches.  (Administrative Record ("AR") at 21.)  The ALJ concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations: (1) he is restricted from concentrated exposure to environmental pollutants such as gas, fumes, dust, etc., and (2) he is limited to simple, repetitive tasks not requiring very high production demands.  (Id. at 23.)

Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff was unable to perform his past relevant work as a Chef (Dictionary of Occupational Titles ("DOT") No. 313.361-014).  (AR at 25, 65.)  The ALJ also relied on the VE's testimony to determine that there were alternative occupations such as Product Inspector (DOT No. 712.684-050), Product Packer (DOT No. 920.687-166), and Assembler (DOT No. 692.686-034), that exist in significant numbers in the national economy.  (AR at 26.)

**B.     The ALJ's RFC Assessment Is Supported by Substantial Evidence.**

Plaintiff contends that his mental impairments are more restrictive than found by the ALJ.  (JS at 9.)  Specifically, he argues that the ALJ improperly evaluated the opinion of consultative psychologist, Norman Reichwald, PsyD, QME, by misunderstanding the term "slight" from Dr. Reichwald's finding that Plaintiff was "slightly impaired."  (Id. at 5, 9-10.)  This, Plaintiff argues, led the ALJ to improperly interpret Dr. Reichwald's opinion when assessing Plaintiff's RFC.  (Id. at 9-10.)  As a result, Plaintiff contends that because of this error his limitations were not adequately presented in the hypothetical to the VE.  (Id. at 6.)  Plaintiff also asserts that the ALJ failed to sustain his burden at step five by not identifying alternate work within Plaintiff's RFC.  (Id.)  The Court disagrees with

3

1 | Plaintiff's contentions.

2 | **a.    The ALJ Properly Considered the Consultative Examiner's**
3 | **Opinion.**

4 | In determining a claimant's disability status, an ALJ has a responsibility to
5 | determine the claimant's RFC after considering "all of the relevant medical and
6 | other evidence" in the record, including all medical opinion evidence. 20 C.F.R.
7 | §§ 404.1545(a)(3), 404.1546(c), 416.945(a)(3), 416.946(c); see also Social
8 | Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5, *7. "Unless a treating
9 | source's opinion is given controlling weight, the [ALJ] must explain in the
10 | decision the weight given to the opinions of a State agency medical or
11 | psychological consultant or other program physician, psychologist, or other
12 | medical specialist." 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii) (as
13 | amended by 75 FR 62676-01); see also SSR 96-6p ("Findings . . . made by State
14 | agency medical and psychological consultants . . . regarding the nature and
15 | severity of an individual's impairment(s) must be treated as expert opinion
16 | evidence of nonexamining sources," and ALJ's "may not ignore these opinions
17 | and must explain the weight given to these opinions in their decisions.")

18 | In his decision, the ALJ noted:

19 | A consultative psychologist who evaluated the claimant in
20 | September 2008 diagnosed a history of depressive symptoms, but further
21 | assessed that the claimant did not have any mental or emotional
22 | problems at the time of that evaluation and that, at most, the claimant
23 | may have mild difficulties doing complex tasks, but that he was
24 | certainly capable of performing at least simple repetitive tasks on a
25 | sustained basis. Finally, Dr. Reichwald assessed in the permanent and
26 | stationary Workers' Compensation report dated in March 2010 that the
27 | claimant should have "class 3"/moderate restrictions in his ability to
28 | maintain adequate levels of concentration, persistence, and pace, but he

4

1    otherwise found no evidence of severe restrictions in any other area of

2    mental functioning.  Specifically, his work function impairment rating

3    reflected a "slight" degree of impairment in every ratable category.

4         In sum, the . . . residual functional capacity assessment is

5    supported by all of the medical opinions in the file concerning

6    claimant's ability to perform basic work-related activities . . . [I]n terms

7    of emotional restrictions, I give substantial weight to the permanent and

8    stationary report from Dr. Reichwald.  In that regard, it should also be

9    pointed out that the State Agency medical consultant assessed moderate

10   restrictions in claimant's ability to understand, remember, and carry out

11   detailed instructions in Exhibit 8F, and that this opinion is therefore also

12   consistent with the above-described limitations/restrictions.  Looking at

13   the evidence as a whole, the claimant's mental impairments appear very

14   much related and specific to his old work environment.

15   (AR at 25 (citations omitted).)

16        Plaintiff contends that the term "slight," as used by Dr. Reichwald, was

17   misunderstood by the ALJ because the ALJ's evaluation of the term did not fit the

18   workers' compensation system definition.  He claims that under the California

19   workers' compensation scheme, the term "slight" is defined as "noticeable," and

20   that this "raises a clear inference that [Plaintiff's] mental impairment is more

21   restrictive than found by the ALJ." (JS at 9.)  Even though it is not clear from the

22   ALJ's decision that the ALJ considered the distinctions between the two systems,

23   the ALJ need only consider the relevant evidence and explain the weight given to

24   expert opinions in his decision.  20 C.F.R. §§ 404.1545(a)(3), 404.1546(c),

25   416.945(a)(3), 416.946(c), 404.1527(f)(2)(ii), 416.927(f)(2)(ii) (as amended by 75

26   FR 62676-01); see also Macri v. Chater, 93 F.3d 540, 543-44 (9th Cir. 1996) (the

27   ALJ is entitled to draw inferences logically flowing from the evidence).  The

28   Court finds that the ALJ adequately did so.

5

1    Moreover, enough evidence exists to show that there are no significant

2 distinctions worth noting between the terms "slight" and "noticeable."  First, the

3 term "slight," as used in the work function impairment guidelines in Dr.

4 Reichwald's report, is something less than "moderate" and "severe."  (AR at 485.)

5 This alone is sufficient to conclude that even if "slight" in Dr. Reichwald's

6 opinion meant "noticeable," it still would not meet a "moderate," much less a

7 "severe," threshold.  Furthermore, Plaintiff admits that it is "correct that [the]

8 workers' compensation definitions do not directly translate to Social Security

9 cases."  (JS at 9); see also Desrosiers v. Sec'y of Health and Human Servs., 846

10 F.2d 573, 576 (9th Cir. 1988) (categories of work under the Social Security

11 disability scheme are measured differently from the California workers'

12 compensation system).  Therefore, despite the fact that "noticeable" in a workers'

13 compensation scheme could possibly be greater than "slight" in a social security

14 system, the record reveals that such a difference is negligible at best.

15    Based on the foregoing, the Court finds that the ALJ committed no error

16 because substantial evidence supported the ALJ's RFC assessment.

17    **b.    The ALJ Adequately Set Forth Plaintiff's Limitations in the**

18         **Hypothetical to the VE.**

19    "In order for the testimony of a VE to be considered reliable, the

20 hypothetical posed must include 'all of the claimant's functional limitations, both

21 physical and mental' supported by the record."  Thomas v. Barnhart, 278 F.3d 947,

22 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir.

23 1995)).  Hypothetical questions posed to a VE need not include all alleged

24 limitations, but rather only those limitations which the ALJ finds to exist.  See,

25 e.g., Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v.

26 Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771,

27 773-74 (9th Cir. 1986).  As a result, an ALJ must propose a hypothetical that is

28 based on medical assumptions, supported by substantial evidence in the record,

1    that reflects the claimant's limitations. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157,

2    1163-64 (9th Cir. 2001) (citing <u>Roberts v. Shalala</u>, 66 F.3d 179, 184 (9th Cir.

3    1995)); <u>see also</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995) (although

4    the hypothetical may be based on evidence which is disputed, the assumptions in

5    the hypothetical must be supported by the record).

6        The ALJ found limitations of a depressive disorder, anxiety disorder,

7    asthma, and migraine headaches. (AR at 21.)  According to the hypothetical to the

8    VE, the ALJ adequately set forth these limitations:

9        I would like you to assume an individual ranging in age–a

10      hypothetical individual ranging in age from [thirty-six] to [thirty-nine]

11      years, who has a high school education and college; who has past

12      relevant experience as you've just described.[3]  I would like you to

13      assume further that this hypothetical individual has no exertional

14      limitations, but in view of asthma should avoid concentrated exposure

15      to dust, fumes, and similar environmental aerial pollutants.

16        Furthermore, in view of a emotional reaction to difficulties at the

17      workplace, workplace trauma if you will, the individual would be

18      limited, despite having no cognitive limitations, to the performance of

19      simple, repetitive work tasks.  The basis of what mainly would be to

20      avoid the stressors inherent with more detailed and complex work

21      positions.  I would add to the simple repetitive work tasks that in view

22      of the stress, the individual should not be performing work that places

23      a premium on very high production demands.

24

25

26        [3]  The VE described Plaintiff's past relevant experience as follows:
"[Plaintiff] for the last [fifteen] years was a chef.  The industry is hotel and

27    restaurant, and institutions.  The work of a chef is medium and skilled, with a
Dictionary of Occupational Titles number of 313.361-014.  Vocational preparation

28    is seven."  (AR at 65.)

1  (Id. at 65.)  As discussed above, the medical assumptions in the hypothetical to the

2  VE were supported by the record.  Accordingly, the ALJ was not obligated to

3  include any further limitations in his hypothetical to the VE.

4       Based on the foregoing, the Court finds that the ALJ adequately and

5  properly set forth Plaintiff's limitations in the hypothetical to the VE.

6  **c.    The ALJ Properly Identified Alternate Work Within Plaintiff's**

7  **RFC at Step Five of His Analysis.**

8       The Commissioner has the burden to show that Plaintiff is able to perform

9  other work existing in the national economy given his RFC, age, education, and

10  work experience.  Martinez, 807 F.2d at 773.  This burden can be met through the

11  use of a VE.  See 20 C.F.R. § 404.1566(e); see also Tackett v. Apfel, 180 F.3d

12  1094, 1101 (9th Cir. 1999).  It can also be satisfied by taking notice of reliable job

13  information contained in various publications, including the DOT.  20 C.F.R. §

14  404.1566(d). The DOT is a presumptively authoritative source on the

15  characteristics of jobs.  See Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir.

16  2001).  Nevertheless, the DOT is not the sole source for this information and the

17  Commissioner may rely on the testimony of a VE for information about jobs.

18  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  Where the VE's

19  testimony differs from the DOT, however, he or she must provide a persuasive

20  rationale supported by the evidence to justify the departure.  See Light v. Soc. Sec.

21  Admin., 119 F.3d 789, 793 (9th Cir. 1997).

22       Here, the ALJ met the burden at step five by calling a VE to testify at the

23  administrative hearing.  On December 6, 2010, the VE testified at the

24  administrative hearing by stating that Plaintiff's past relevant work as a chef was

25  "medium and skilled."  (AR at 65.)  This, combined with Plaintiff's impairments,

26  age, and education, led the VE to conclude that Plaintiff would not be able to

27  perform his past work as a chef which is deemed to be skilled work.  (Id. at 5, 67.)

28  He went on to provide representative samples of alternate unskilled jobs the

8

1   hypothetical person with Plaintiff's past relevant work and limitations would be
2   able to perform locally and nationally:

3       In the light unskilled category would be an inspector, product inspector,
4       DOT number 712.684-050.  There are 2,250 in Southern California,
5       about 50,000 nationally.  A product packer, 920.687-166, there are
6       about 4,500 in this region of the country, about 90,000 nationally.  And
7       a product assembler, DOT number 692.686-034.  There are about 6,000
8       in the Southern California region, about 120,000 nationally.  These are
9       light, unskilled entry level.

10  (Id. at 66.)  Thus, the ALJ took into account the VE's testimony in noting that
11  "work as a chef is skilled and . . . [Plaintiff] is restricted to simple routine tasks."
12  (Id. at 25.)

13      Accordingly, the Court finds that the ALJ sustained his burden at step five
14  and identified alternate work within Plaintiff's RFC.  Thus, there was no error.

15  **IV.**

16  **ORDER**

17      Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be
18  entered affirming the decision of the Commissioner of Social Security and
19  dismissing this action with prejudice.

21  Dated: July 13, 2012

22                                HONORABLE OSWALD PARADA
                              United States Magistrate Judge